UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARLENE REEVES,

                              Plaintiff,

                                                    DECISION AND ORDER

                                                    05-CV-6725L

                    v.

JOANNE B. BARNHART,
Commissioner of Social Security,

                              Defendant.
_____

INTRODUCTION

        This is an appeal from the final decision of the Commissioner of Social Security ("the

Commissioner") pursuant to 42 U.S.C. § 405(g).  Plaintiff, Marlene Reeves ("Reeves"), contends

that the Commissioner's decision that she is not disabled and therefore not entitled to disability

insurance benefits or disabled widow's benefits under the Social Security Act ("the Act") is

erroneous.  Reeves contends that the Commissioner's decision is not supported by substantial

evidence and that the Administrative Law Judge ("ALJ") failed to follow proper legal standards.

The Commissioner, on the other hand, contends that there is substantial evidence of record to

support her decision that Reeves' impairment did not prevent her from engaging in substantial

gainful activity.

Reeves filed her application for disability insurance benefits in January 2001. An administrative hearing was held before an ALJ who denied plaintiff's claim (Tr. 13-20)[1] on August 17, 2002 (sometimes "First ALJ Decision").

After the Appeals Council denied review, plaintiff commenced an action in this Court.

The parties then stipulated that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that Reeves' claim was remanded to the Commissioner for further administrative proceedings (04-CV-6521L at Dkt. #2).

A second hearing was held before the same ALJ (Robert T. Harvey) and by Decision dated October 3, 2005 (Tr. 229-235) he again denied plaintiff's request for benefits.

Reeves then commenced this action, appealing the Commissioner's final decision. Both sides now move for judgment on the pleadings. Plaintiff requests that the Court remand the case for immediate calculation and payment of benefits or for a new hearing. The Commissioner, on the other hand, contends that there is substantial evidence to support the Commissioner's decision denying benefits.


COMMISSIONER'S DECISION

After a hearing, the ALJ concluded that Reeves was not disabled within the meaning of the Act. In sum, he concluded that Reeves had the residual functional capacity ("RFC") to perform her past work.

---

[1]"Tr" constitutes the administrative record on appeal.

The ALJ reviewed Reeves' claim using the familiar five-step disability evaluation. (Tr. 230-231).[2]  The ALJ determined that Reeves had not engaged in substantial gainful employment since the onset of her disability; that although plaintiff's low back and hip pain were considered "severe," they did not meet or equal any of the listed impairments.  At step four of the inquiry, the ALJ determined that Reeves had the RFC to perform her past work (Tr. 234).  Based on that finding, the ALJ made no determination as to whether Reeves could perform other work in the national economy.

Essentially the ALJ found that, although Reeves had some history of low back and hip pain, the conditions were not such as to prevent her from performing the light work involved in her previous employment as a sales clerk at a pet store.  In this second decision, the ALJ integrated much of the treatment history contained in the First ALJ Decision.  In the second decision, he found little objective evidence to support Reeves' claimed disability.  In the decision, he noted:

---

[2]The Second Circuit has described the five-step process as follows:
First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1.  If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Tejada v. Apfel,* 167 F.3d at 770, 774 (2d Cir. 1999); *see also Bowen v. City of New York,* 476 U.S. 467, 470-71 (1986).

> There is no evidence of disc herniation or impingement on any nerve roots. Repeated examinations over the time span found some tenderness in the low back and minimally restricted low back motion. There is no evidence of neurological deficits that could be indicative of significant nerve damage. Her functioning was normal and her diagnoses ranged from lumbar strain to episodic low back pain syndrome. Her physicians characterize her degree of disability from minimal to moderate partial.

(Tr. 231).

Because of the remand, the ALJ summarized the evidence submitted since the First ALJ Decision in August 2002. If anything, that new evidence (or lack of it) reaffirmed the ALJ's prior conclusion that Reeves was not precluded from engaging in her prior employment.

Although Reeves treated with chiropractors, the ALJ gave little weight to their opinions as is appropriate since chiropractors are not an acceptable medical source, that requires deference. *See* 20 C.F.R. § 404.1513(a) and 404.1527(a)(2); *Diaz v. Shalala,* 59 F.3d 307, 312-13 (2d Cir. 1995).

The ALJ determined that none of the physicians, treating or consultative, found that plaintiff's conditions precluded all employment. The record was devoid of any medical reports from plaintiff's treating physician after an August 2000 treatment note from Dr. Steven Lasser, plaintiff's orthopedic surgeon. In that note, Dr. Lasser noted that plaintiff advised that her back pain bothered her "intermittently." He observed that she had normal gait, her lumbar motion was "slightly" restricted, but her neurological examination was grossly intact (Tr. 17). Dr. Lasser concluded that Reeves had chronic low back pain and described her as having "a permanent partial disability of a moderate degree." (Tr.17,154). In that report, Dr. Lasser noted that as to recommendations/treatment Reeves should continue with limited activity and "partial work." (Tr. 154). He made no finding that Reeves was unable to work. In addition, in prior notes, he spoke of plaintiff being able to work part-time. (Tr. 154).

- 4 -

Other evidence submitted after the August 2002 decision was not very helpful to plaintiff's cause. Dr. John Ventura, plaintiff's chiropractor, wrote on September 25, 2002, and indicated that he had not seen plaintiff for two years. She recently complained of low back pain and noted that plaintiff admitted working at a fish store which required "minimal" lifting and bending. (Tr. 232). He concluded that plaintiff had a "mild/moderate partial disability." (Tr. 407). In an assessment, prepared by plaintiff for Ventura, plaintiff herself checked that she *was* capable of performing her job but with some restrictions. (Tr. 408).

The several doctors that examined Reeves found only modest limitations concerning her back problems. For example, as the Government notes, in 1994 an x-ray of plaintiff's lumbosacral spine showed only *mild* degenerative spondylolysis. (Tr. 443, 446). Later, in 1995, her treating physician, Dr. Lasser, found only a "*moderate* facet arthrosis." (Tr. 162).

Several years later, in 2001, additional x-rays of the spine showed only *minimal* degenerative changes (Tr. 178) and further x-rays in March of 2005 showed *mild* narrowing of disc spaces. (Tr. 474, 476). The record is also replete with evidence that Reeves walked normally, that her motion was not restricted and that her strength and range of motion was normal.

This Court does have jurisdiction to review final decisions involving a denial of Social Security benefits. 42 U.S.C. 405(g). But that review is limited. The Court must accept the findings made by the Commissioner if they are supported by substantial evidence in the record. This Court does not make a determination, *de novo,* in such cases. *Mongeur v. Heckler,* 722 F.2d 1033, 1038 (2d Cir. 1983).

This Court must review the record as a whole in determining whether there is substantial evidence to support the decision of the Commissioner, and it is clear that this Court cannot substitute its interpretation of the administrative record for that of the Commissioner, as long as the

administrative record contains substantial support for the ALJ's decision.  *Rutherford v. Schweiker,* 685 F.2d 60, 62 (2d Cir. 1982).

After considering all of the evidence, I believe that there is substantial evidence to support the ALJ's decision that Reeves could perform her past work.  There is some conflicting evidence, but I believe the decision of the ALJ denying benefits was supported by evidence in the record.  It is not for this Court to weigh and evaluate the evidence in the first instance.

Plaintiff had some pain, but no doctor opined that plaintiff could not perform work because of that pain.  Plaintiff's chiropractors found some evidence of disability, but the ALJ was entitled to give their opinions less weight than a treating medical doctor.

The ALJ was also entitled to evaluate Reeves' credibility, which every factfinder must do.  The ALJ properly rendered a judgment on credibility in light of the medical findings and other evidence in the record.  *See Mimms v. Heckler,* 750 F.2d 180, 185-86 (2d Cir.  1984).  It is not for this Court to re-examine the evidence and make its own determinations on credibility.  That is reserved for the Commissioner.

CONCLUSION

Plaintiff's motion for judgment on the pleadings (Dkt. #6) is denied.  The Commissioner's motion for judgment on the pleadings (Dkt. #7) is granted.  The final decision of the Commissioner denying benefits is affirmed and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
         December 5, 2006.